RUTLAND,
*February,*
1843.

LEVI PLUMLEY *v.* WILLIAM MARSH.

Plumley
*v.*
Marsh.

> The right of a plaintiff, after a review by the defendant in an action of assault and battery, to recover full costs upon the recovery of a sum in damages not exceeding seven dollars, is restricted, under the twenty-second and twenty-third sections of chapter 106 of the Revised Statutes, to cases in which the damages in the judgment reviewed from, did not exceed seven dollars.

THIS was a writ of error brought to reverse a judgment rendered by the county court, in favor of the defendant in error against the plaintiff in error, in an action for assault and battery.

It appeared by the record, that the action was commenced by the defendant in error, at the April term, 1839, and that, at the September term, 1840, he recovered a judgment against the plaintiff in error, for $15 damages, from which judgment the defendant in that action reviewed ; and that, at the next term, the plaintiff in that action recovered a judgment for $6.50 damages, together with full costs, allowed by the court at $67.17—for which decision, allowing full costs, error was brought.

*R. R. Thrall* and *J. Collamer*, for plaintiff in error.

I. This action was brought under the former statute, before the present revision, and by the terms of the repeal, the cause is to be governed entirely by the old law, unless as to the forms of proceeding and trial.   Rev. Stat. 510, §5.

II. Such would have been the law governing the case even if this section had not been inserted in the statute. *Admr. of Slade v. Heirs of Slade*, 10 Vt. R. 192.

III. By the law governing this case—the judiciary act of 1797, §97—the plaintiff below was not entitled to any more costs than his damages.   Slade's Comp. Stat. 87, §97 ; *Parsons* v. *Young*, 2 Vt. R. 434 ;   *Robinson* v. *Whitcher*, Ib. 563.

IV. The present statute is the same as the former, with the exception of leaving out what related to *appeal*, and should receive the same construction, especially where the review was successful in reducing damages.   The revision was not intended to *alter* the law, and the old law is proper to aid a construction of the new.   Rev. Stat. 473, §22 & 23.

S. *Foot* and *S. H. Hodges,* for defendant in error.

RUTLAND,
February,
1843.

Plumley
*v.*
Marsh.

Although the Revised Statutes, 510, §5, provide that the repeal of the previous statutes shall not affect "any right accruing or accrued, or established, or any suit or proceeding had or commenced, in any civil case, before the time when said repeal shall take effect," yet the plaintiff in error had acquired no right upon the subject of costs before the judgment below, from which he took a review. This was at the September term, 1840, after the Revised Statutes went into operation. On the other hand, the same section requires the proceedings in every such case to be conformed to the provisions of the Revised Statutes. *Burnside* v. *Newton,* 1 Metcalf, 426.

The defendant in error is entitled to recover full costs under the 23d section of chapter 106 of the Revised Statutes, page 473. In reference to this question, the language of the Revised Statutes is widely different from that of the statute repealed, and is not subject to the construction put upon that statute by this court in *Parsons* v. *Young,* and *Robinson* v. *Whitcher,* 2 Vt. R. 434 & 563.

The opinion of the court was delivered by

ROYCE, J.—This writ of error is brought to reverse a judgment of the county court, in an action for assault and battery, in favor of the present defendant against the plaintiff in error. It appears, by the record, that the action was originally commenced in the county court; that at the September term, A. D. 1840, the plaintiff recovered judgment for fifteen dollars damages, from which judgment the defendant reviewed,—and that, at the next term, the plaintiff again recovered, but the damages awarded him were only six dollars and fifty cents. That was the final judgment in the action; and the question is, was the plaintiff entitled to recover full costs, or was he restricted in costs to the amount of damages finally recovered.

It is first insisted by the plaintiff in error, that this question should be governed by the statute of A. D. 1797, under which the suit was commenced. And if he is right in this, then it is already settled, by the cases of *Parsons* v. *Young,* and *Robinson* v. *Whitcher and wife,* 2 Vt. R. 434, and 563, that the plaintiff below, was only entitled to costs commen-

surate with the damages finally recovered.  We consider, however, that the question must be determined upon the Revised Statutes.  Each review in the cause had vacated the previous judgment, so that the action was open and pending when these statutes commenced their operation.  At that time, neither party had established a legal right to costs, nor had the defendant, as we think, any accruing right to a future exemption from costs.  The old law would, indeed, regulate the taxation of costs whilst the suit was progressing under its operation, but we are not aware of any further effect that can properly be given to it.

The question must, therefore, depend upon the construction to be given to the 22d and 23d sections of chapter 106 of the Revised Statutes.  The 22d section corresponds to the enacting clause of the 97th section of the old statute, and enacts, that in the action of assault and battery, and some others there specified, if the plaintiff shall not recover damages above the sum of seven dollars, he shall recover no more costs than damages.  But there was a proviso to that section of the old statute, that " if the defendant appeal from ' such judgment, or review the cause, and final judgment ' shall be rendered for the appellee or reviewee, he shall re- ' cover full costs."  It was settled under that statute, by the cases already cited, that " *such judgment* " in the proviso, meant the judgment before described in the enacting clause, namely, a judgment not exceeding seven dollars in damages ; and that the appeal and review, there spoken of, alike had reference to such a judgment and no other.

We have now to inquire whether the 23d section of the new statute corresponds, in its operation, to the old proviso just recited.  The words, directly applicable to the present case, are—" If the defendant shall, in any such action, review the cause, . . . . the plaintiff shall recover full costs."  On the part of the defendant in error, this is claimed as a general enactment, giving full costs to the plaintiff, in the actions specified, if the defendant shall, under any circumstances, review the cause, and ultimately fail in his defence ; whilst the other party claims to treat it as a provision, intended to apply only when one of those actions may happen to be in the state or condition mentioned in the preceding section.

It is obvious that, as a general provision, this section was

RUTLAND,
*February,*
1843.

Plumley
*v.*
Marsh.

not needed. Other statutes had given to the successful party in a suit, his legal costs, and that without regard to the number of reviews or new trials which might have intervened in the progress of the suit. Besides, the 106th chapter professes to be a law restricting cost. Its general scope and object, throughout, is to limit and abridge costs. In such a statute, we should scarcely expect to find an unqualified provision for giving costs,—a provision which, in most cases, as before remarked, would be altogether needless. This chapter was designed to modify and vary the operation of other statutes, which allowed costs generally to the party finally prevailing in a suit. The remainder of the section will be found to assist in giving a construction to the words under immediate consideration ;—" or, if the court shall, in ' either of said actions of trespass on the freehold, or for as- ' sault and battery, be of opinion that the trespass was wil- ' ful and malicious, and shall certify the same,"—the plaintiff shall recover full costs. This provision is expressed in terms equally unqualified and comprehensive as that concerning a review of the cause. It would literally apply to all " such actions," whatever amount of damages had been recovered. It is manifest, however, that no such general application could have been intended. As the law had imposed no restriction upon the plaintiff's right to recover his ordinary costs, except when his damages were not above seven dollars, the object and effect of the certificate are necessarily limited to such a case. The only purpose, then, of this provision, is to qualify and control the restriction upon costs imposed by the 22d section. And since the two provisions are blended together in one sentence, there is no good reason to doubt that they both originated in the same purpose. As the 23d section is, therefore, to be regarded in the nature of a proviso to the 22d, the reasoning of Prentiss, J. in *Robinson* v. *Whitcher and wife,* may be appealed to as conclusive of the present case.

The 23d section of the present act will thus stand as a substitute for the entire proviso in the old statute. The difference of phraseology, occasioned by the words " *in any such action* " inserted in the new section, does not necessarily create a difference in the sense ; because these words may be supplied by implication in the former proviso, when

that is considered with a proper reference to the enacting clause. Moreover, as these words are found not to enlarge the provision relating to a certificate, it is not perceived why they should have a greater effect in this instance. The conclusion is, that the review, taken by the defendant below, being from a judgment for damages above the sum of seven dollars, was not such a review in the action, as the 23d section was designed to affect; and, therefore, as the plaintiff below finally recovered a sum in damages not exceeding seven dollars, that his right to tax costs in the suit became subject to the restrictive operation of the 22d section.

The judgment of the county court is reversed, and judgment for the defendant in error to recover costs equal to his damages.